UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL K. WILLIAMS,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>DANIEL BUNIN, *et al.,*<br>　　　　　　　　　　　　Defendants. | Case No. 2:18-cv-01059-JAD-GWF<br><br>**ORDER**<br>**REPORT AND RECOMMENDATION** |

　　　This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on June 11, 2018.

### **BACKGROUND**

　　　Plaintiff alleges that his court appointed counsel, Daniel Bunin, Esq., engaged in attorney misconduct and did not adequately represent him in violation of his 6th Amendment rights under the United States Constitution. He alleges that his counsel failed to communicate with him, failed to cooperate with him, and failed to adequately investigate his case in violation of the American Bar Association Rules of Professional Conduct and the Nevada Rules of Professional Conduct. Plaintiff's counsel failed to challenge his counts as "redundant." Plaintiff further alleges that his right to a speedy trial was also violated. He alleges that the "Eighth Judicial District Court Clerk of the Courts" did not act as stewards of the Court and were deceptive. Plaintiff filed a motion to substitute and/or appoint new counsel and that the Clerks of the Court denied such motion to appoint him new counsel.

. . .

. . .

# DISCUSSION

## I. Application to Proceed *in Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit as well as a copy of his trust fund account to his application and complaint as required by 28 U.S.C. § 1915(a). When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time. Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Instant Complaint**

    **A.   Plaintiff's § 1983 Claims**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). To

the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

### 1. State Court Criminal Conviction

Federal district courts do not have appellate jurisdiction over a state court. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In *Heck*, the Supreme Court held that a plaintiff cannot succeed on a § 1983 claim that implicates the constitutionality of the plaintiff's conviction or sentence, unless he demonstrates that the conviction or sentence has been overturned on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). "A claim for damages bearing that relationship to a conviction or sentence that has not been ... invalidated is not cognizable under § 1983." *Id.* at 487. A prisoner "may challenge the validity of his arrest, prosecution, and conviction only by *writ of habeas corpus.*" *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). In addition, the *Heck* doctrine applies to cases where criminal charges are pending. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) ("a § 1983 Fourth Amendment claim alleging illegal search and seizure does not accrue under *Heck* until the criminal charges have been dismissed"), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-394 (2007).

Although unclear from the allegations contained in Plaintiff's complaint, he provided his state court case number showing that Plaintiff was convicted of multiple charges in state court[1].

---

[1] Based on the docket for case number C-17328540-1, Plaintiff was sentenced on September 13, 2018 in state court and a notice of appeal was filed on October 11, 2018. *See* https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0

4

*See Complaint* (ECF No. 1-1), 10. He is incarcerated and resides at High Desert State Prison and the Court presumes he is serving a sentence as a result of state court convictions. Plaintiff is seeking a "new trial, new attorney, . . . punitive damage [sic], re-imbursement financially, mental and physical breakdown, loss of work wages, improper length of incarceration. . ." *See Complaint* (ECF No. 1-1), 12. Plaintiff seeks relief from ineffective assistance of counsel and violation of his right to a speedy trial during the state court prosecution to render his conviction and sentence invalid. However, his conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid. Therefore, this claim should be dismissed. However, the dismissal must be without prejudice so that he may file an action in the appropriate court in the event he succeeds in invalidating his conviction. *See Parks v. Johnson*, 2017 WL 1368984, at *4 (D. Nev. Mar. 7, 2017), report and recommendation adopted, 2017 WL 1371257 (D. Nev. Apr. 11, 2017) (citing *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015)).

**2.     Ineffective Assistance of Counsel**

The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The U.S. Supreme Court, however, has concluded that public defenders do not act under color of state law for purposes for § 1983 when representing a defendant in a state criminal proceeding because he or she is "not acting on behalf of the State," but "is the State's adversary." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981). Further, their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *Pattillo v. Lombardo*, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017), report and recommendation adopted, 2018 WL 855563 (D. Nev. Feb. 13, 2018) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

Plaintiff alleges that his counsel, Daniel Bunin, Esq., was a public defender and/or his court appointed counsel and failed to adequately represent him in his criminal proceedings. Therefore, Mr. Bunin was not acting under color of law for §1983 purposes. As a result, the Court recommends dismissal of Plaintiff's claim against Defendant Bunin with prejudice for failure to state a claim upon which relief can be granted.

### 3.     § 1983 Claims against Eighth Judicial District Court Clerks

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.1979) (§ 1983 case), *cert. denied*, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir.1978) (same); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir.1969) (same). *Cf. Sharma v. Stevas*, 790 F.2d 1486 (9th Cir.1986) (Clerk of United States Supreme Court had absolute quasi-judicial immunity under Federal Tort Claims Act because his acts were an integral part of the judicial process). Plaintiff alleges that he electronically filed a motion to dismiss counsel and appoint new counsel to Steven Grierson, Clerk of the Court for the Eighth Judicial District Court. He states that the Clerk of the Court was "not acting as stewardship of court [sic]" and was deceptive. The filing of documents by court clerks is a task that can be characterized as an integral part of the judicial process. Therefore, the clerks of the Eighth Judicial District Court have absolute quasi-judicial immunity from Plaintiff's claim. As a result, the Court will recommend dismissal of Plaintiff's claims against the district court clerks for failure to state a claim upon which relief may be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #2628813), in the months that the account exceeds $10.00, until the full $350 (which includes the $350 filing fee, but not the $50 administrative fee) filing fees have been paid for this action. The Clerk of the

1  Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk
2  shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada
3  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
4      **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint,
5  but shall not issue summons.

### RECOMMENDATION

7      **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint against Defendant Bunin
8  and the Eighth Judicial Court Clerk be **dismissed** for failure to state a claim upon which relief
9  may be granted.

### NOTICE

12  Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in
13  writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has
14  held that the courts of appeal may determine that an appeal has been waived due to the failure to
15  file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit
16  has also held that (1) failure to file objections within the specified time and (2) failure to properly
17  address and brief the objectionable issues waives the right to appeal the District Court's order
18  and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153,
19  1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
20      Dated this 31st day of May, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

7